UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENDRICK DION MORRIS                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:17-cv-41-DPJ-FKB

HINDS COUNTY BOARD OF SUPERVISORS, et al.                                    DEFENDANTS

ORDER DENYING CLASS ACTION REQUEST

This cause is before the Court, sua sponte, for screening.  *See* 28 U.S.C. § 1915(e)(2) and

§ 1915A.  Plaintiff states that "[t]his is a civil rights class action filed by Kendrick Morris, a pre-

trial detainee."  Compl. [1] at 5.  Plaintiff alleges that the conditions of confinement at the Hinds

County Detention Center violate the constitutional rights of the inmates.  *Id*. at 6–14.

Additionally, the Complaint lists 44 other inmates as plaintiffs in this civil action.[1]  The Court,

liberally construing Plaintiff's Complaint, will address his statement that he is bringing a class

action.

Plaintiff and the other inmates referred to in the Complaint are inmates at the Hinds

County Detention Center, Raymond, Mississippi.  *Id.* at 5–6.  Plaintiff asserts that the conditions

of the Hinds County Detention Center are "barbaric," and violate the constitutional rights of the

inmates.  *Id.* at 5, 7–14.  Plaintiff also asserts supplemental jurisdiction relating to state-law tort

claims.  *Id*. at 5.  Having considered the Complaint, the Court finds that Plaintiff's attempt to

institute a class action should be denied.  Additionally, the Court finds that if any other inmates

wish to pursue a Complaint relating to the conditions of confinement at Hinds County Detention

Center, Raymond, Mississippi, each such inmate must file a separate complaint.

---

[1]Even though there are 44 other inmates listed as plaintiffs, Plaintiff Morris is the only inmate
who signed the Complaint, *see id.* at 1–2, 5–6, and therefore is the only named Plaintiff in this
civil action.

I.       Class Action

"[T]he class action device exists primarily, if not solely, to achieve a measure of judicial

economy, which benefits the parties as well as the entire judicial system.  It preserves the

resources of both the courts and the parties by permitting issues affecting all class members to be

litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*,

151 F.3d 402, 410 (5th Cir. 1998).   To obtain class certification under Federal Rule of Civil

Procedure 23(a), Plaintiff must satisfy the following requirements:  "(1) numerosity (a 'class [so

large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact

common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the

class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect

the interests of the class')." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (quoting

Fed. R. Civ. P. 23(a)).  Additionally, Plaintiff must show that the action is maintainable pursuant

to Rule 23(b)(1), (2) or (3).  *Id.* at 614.

Even though Plaintiff's allegations, liberally construed, assert questions of law that are

common to all inmates at the Hinds County Detention Center, Raymond, Mississippi, he has not

demonstrated that the remaining requirements for class certification are met.  Therefore, the

denial of class certification is appropriate. *See Berger v. Compaq Computer Corp.*, 257 F.3d

475, 479 n.4 (5th Cir. 2001) (citations omitted) (stating that plaintiff has the burden of proof to

establish that all four requirements of Rule 23(a) are satisfied).  Having reviewed the Complaint,

the Court finds that it does not present allegations and arguments to meet the requirements of

Federal Rule of Civil Procedure 23(a).  As a result, this civil action will not be treated as a class

action.

II.     Separate Complaints

The enactment of the Prison Litigation Reform Act of 1995 militates against multi-plaintiff prisoner complaints.  For example, prisoner plaintiffs proceeding *in forma pauperis* ("IFP") are required to pay the full amount of the filing fee and costs.  28 U.S.C. §§ 1915(b)(1) and (f)(2)(A).  Prisoner plaintiffs who have, on three or more prior occasions, brought frivolous or malicious complaints or complaints which failed to state a claim may not proceed IFP.  *Id.* § 1915(g).  Additionally, multi-prisoner plaintiff complaints present a variety of administrative and logistical problems not associated with other civil actions.  *See Beaird v. Lappin*, No. 3:06-cv-967, 2006 WL 2051034, at *3 (N.D. Tex. July 24, 2006) (citations omitted) (noting "impracticalities to include possible transfers of some plaintiffs, security, the need for each plaintiff to sign his own pleading and represent himself, the possibility of changes to documents during circulation among the plaintiffs, the possibility of coercion by other prisoners, and issues raised by the inmates' desire to meet within the prison to discuss joint litigation").

Moreover, "like all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his] personal rights."  *Coon v. Ledbetter*, 780 F.2d 1158, 1160–61 (5th Cir. 1986) (citations omitted).  Commingling the various claims of multiple plaintiffs makes it difficult for the court to discern how the alleged constitutional violation(s) affected each plaintiff.  Meritorious claims may be obscured by the frivolous.

With these concerns in mind, and with the objective of achieving judicial economy and maintaining efficient control of its docket, the Court finds that if the other inmates wish to pursue civil actions concerning the conditions of confinement in the Hinds County Detention

3

Center, Raymond, Mississippi, they may do so by filing separate individual Complaints.[2]

Accordingly, it is

ORDERED that to the extent Plaintiff is seeking certification of a class action pursuant to

Federal Rule of Civil Procedure 23, such a request is denied.

**SO ORDERED AND ADJUDGED** this the 24th day of April, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2]An inmate who wishes to pursue a Complaint concerning the conditions of confinement at the Hinds County Detention Center, Raymond, Mississippi, may contact the Clerk, 501 E. Court Street, Suite 2.500, Jackson, Mississippi 39201, and request forms to file such an action.