IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENDRICK DION MORRIS                                                          PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:17cv41-DPJ-FKB

VICTOR MASON, SHERIFF, et al.                                              DEFENDANTS

## REPORT AND RECOMMENDATION

Kendrick Dion Morris was booked into the Hinds County Detention Center in Raymond, Mississippi (HCDC), as a pretrial detainee in May of 2016. He filed this action pursuant to 42 U.S.C. § 1983 on January 19, 2017, complaining of the use of excessive force, unconstitutional conditions, and denial of medical care. A *Spears* hearing, at which Plaintiff clarified his claims, was held on September 26, 2018.[1] Presently before the Court is the motion for summary judgment filed by Sheriff Victor Mason, Warden Mary Rushing, Deputy DeWayne Owens, Captain Leon Shields, and Hinds County. [63]. Having considered the motion, response, and rebuttal, the undersigned recommends that the motion be granted.

Plaintiff's primary excessive force claim is based upon an incident that occurred on or about February 8, 2017. Plaintiff testified that on this date, Deputy Corey Taylor, an unserved defendant, beat him with a flashlight. [63-1] at 21-22. According to Plaintiff, this type of incident was a regular occurrence and was pursuant to a custom perpetrated by Sheriff Mason, Warden Rushing, and Hinds County. *Id.* at 14-18, 21-22. Plaintiff also complains of an incident on or about December 3, 2016, involving use of a

---

[1] Morris remained at HCDC until January of 2019. He is currently a state inmate in the custody of the Mississippi Department of Corrections.

chemical agent. He alleges that Deputy Owens sprayed the agent in the area near Plaintiff and that Defendant Shields failed to properly decontaminate the area. *Id.* at 18-20.

Plaintiff brings claims against Defendants Mason, Rushing, and Hinds County for unconstitutional conditions at the detention center. Plaintiff contends that on his first night at HCDC, he had to sleep on a steel rack without a mat . *Id.* at 6-7. For three months thereafter, he had only a half-mat. *Id.* at 7. According to Plaintiff, the air conditioning did not work for almost a year, during which time the prisoners used shop fans to keep cool, and the heating never worked. *Id*. at 8-10. Finally, he complains that there was mold in the showers, that the toilets and sinks leaked, that the electronic latch on his cell door did not work, and that prisoners were not supplied with sufficient cleaning and toiletry items. *Id.* at 6, 8, 10-13.

Plaintiff's medical claim concerns a tooth extraction. Plaintiff suffered pain and swelling after the extraction, and he testified that he believes more should have been done for him during his recovery. *Id.* at 13-14.

As one basis of their motion, Defendants argue that Plaintiff has exhausted none of these claims through the detention center's grievance process. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement applies to all inmate suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, it requires exhaustion of all remedies that are available, including pursuit

of all levels of a grievance process.  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).

Attached to Defendants' motion is a copy of the Hinds County Inmate Handbook, which outlines the jail's three-step administrative remedy process.  The process is initiated by the filing of an Inmate Grievance Form.  [63-7] at 1.  The warden or facility commander then provides a written response to the inmate.  *Id.*  If the inmate is dissatisfied with the response, he may appeal and present his grievance to a hearing officer, who issues a written decision.  *Id.*  The final step is appeal directly to the sheriff, whose decision is final.  *Id.*

In support of their position, Defendants have submitted the affidavit of Warden Rushing, along with a copy of Plaintiff's complete inmate file.  [63-3].   The affidavit and records indicate that during his time at HCDC, Plaintiff submitted only two grievances.  On December 15, 2016, he filed a grievance complaining of a host of general conditions including cruel and unusual punishment, safety and securities issues, use of excessive force, insufficient recreation, and a lack of cleaning supplies.  *Id.* at 387.  His other grievance, filed on October 28, 2016, concerned a meeting with his attorney.  *Id.* at 389. The warden responded to these, and Plaintiff took no further action.[2]

Plaintiff has not addressed Defendants' exhaustion argument in his response to the motion.  However, in an early statement clarifying his claims, he stated that he never

---

[2] The grievance concerning general conditions was returned to Plaintiff with a written response by Warden Rushing on December 9, 2016.   In her response,  Warden Rushing stated that she had no knowledge of some issues and was working to remedy others.  [63-3] at 387.

received a response to his grievance about detention center conditions. [16] at 4. Plaintiff's failure to receive a response would not have prevented him from submitting an appeal, however. Thus, it would not excuse his non-compliance with the exhaustion requirement.

Defendants' uncontroverted evidence establishes that Plaintiff never filed a grievance concerning his claims for the assault by Taylor, the use of a chemical agent near him in December of 2016, lack of bedding, problems with air conditioning and heating, problems with his cell door, or denial of medical care. The only claims arguably addressed by his conditions grievance are mold in the showers, leaking water, and insufficient cleaning and toiletry items. But these claims also remain unexhausted, because Plaintiff failed to appeal and complete the administrative process. Furthermore, Plaintiff's testimony about these conditions fails to establish a constitutional violation, as he has not shown that these conditions were imposed for a punitive purpose and were so severe that they resulted in "serious deficiencies" in providing for his "basic human needs." *See Shepherd v. Dallas Cty.*, 591 F.3d 445, 454 (5th Cir. 2009). For these reasons, the undersigned recommends that Defendants' motion be granted.

Two individuals named as defendants, Corey Taylor and Larsey Davis, have never been properly served with process.[3] At the *Spears* hearing, the undersigned

---

[3] On the returns of service filed with the Court, the United States Marshal indicated that these individuals had been served with process by delivery of a copy of the summons and complaint to Lieutenant Jamie Myles. [38] at 7, 11. However, at the *Spears* hearing, defense counsel represented to the Court that there were no HCDC employee by the names of Corey Taylor and Larsey Davis. [63-1] at 22-23. Counsel further stated that he believed Plaintiff's naming of Larsey Davis may have been an attempt to sue a former officer named Larry Davis, who is deceased. *Id.*

explained to Plaintiff that it was his responsibility to properly identify and serve these defendants. [63-1] at 20. Plaintiff took no further action to identify or serve them. The undersigned recommends that these defendants be dismissed pursuant to Fed. R. Civ. Proc. 4(m).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 11th day of January, 2020.

s/F. Keith Ball  
United States Magistrate Judge